UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

LAVARON MORRIS, #205193,

        Plaintiff,              Case No. 2:11-cv-138

v.                                     Honorable R. Allan Edgar

CHRISTINE HENSON, et al.,

        Defendants.
_____/

**MEMORANDUM AND ORDER**

      Plaintiff Lavaron Morris, an inmate currently confined at Chippewa Correctional Facility (URF), filed this pro se civil rights law suit pursuant to 42 U.S.C. § 1983 against Defendants Law Library Worker Christian Henson (it appears from the filings that this defendant's name is actually Christine), Law Library Manager Amanda Winnicki, Warden Greg McQuiggin, and MDOC Director Patricia L. Caruso. On June 21, 2011, this Court entered an Order dismissing defendants Winnicki, McQuiggin, and Caruso for failure to state a claim, leaving Defendant Henson as the only remaining defendant. Doc. No. 9. Presently before the Court is Defendant's motion for summary judgment, pursuant to Fed. R. Civ. P. 56. Doc. No. 14. The Court has reviewed this motion, along with its accompanying brief [Doc. No. 15] and Plaintiff's responses [Doc. No. 19, 20], and the matter is now ready for decision.

*Standard of Review*

Summary judgment is appropriate only if there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). Material facts are those facts that might affect the outcome of the action under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995).

In deciding a summary judgment motion, the Court must view the facts in the record and all reasonable inferences that can be drawn from those facts in the light most favorable to Plaintiff. *Anderson*, 477 U.S. at 251-52; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court cannot weigh the evidence, judge credibility of witnesses, or determine the truth of matters reasonably in dispute. *Anderson*, 477 U.S. at 249; *Talley*, 61 F.3d at 1245.

Defendant bears the initial burden of demonstrating there are no genuine issues of material fact in dispute. Defendant may satisfy this burden either by presenting affirmative evidence that negates an essential element of Plaintiff's claim, or by demonstrating the absence of evidence to support a claim. *Celotex*, 477 U.S. at 325; *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). Once Defendant meets this initial burden, Plaintiff is required to come forward with probative evidence and facts to support his claim and show that a trial is necessary to resolve a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322; *Anderson*, 477 U.S. at 249; *Van Gorder*, 509 F.3d at 268. A scintilla of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 251-52. Rather, there

must be admissible evidence on which a reasonable jury could find in Plaintiff's favor. *Anderson*, 477 U.S. at 252; *Van Gorder*, 509 F.3d at 268.

*Facts*

In his complaint, Plaintiff alleges that the posted rules at URF require that prisoners requesting a loan for copies must include documentation showing that the photocopies are necessary as defined by policy. Plaintiff states that on July 18, 2010, he requested photocopies for a Michigan Supreme Court deadline of July 23, 2010 in *People v. Morris*, Case No. 297264. On July 20, 2010, Plaintiff asked his unit Corrections Officer Shroeder to check on the photocopies. When Corrections Officer Shroeder asked Defendant Henson if the copies were ready, she said that they were not. Defendant Henson denied Plaintiff's request on July 21, 2010, stating that Plaintiff had insufficient funds to pay for the photocopies and that his deadline was not her problem. On July 22, 2010, Plaintiff wrote to the Michigan Supreme Court clerk and explained that he had to send his pleadings to his sister, who copied them and overnighted them to the court. However, the Michigan Supreme Court did not receive the pleadings until after the deadline and they were rejected by the court as untimely. Plaintiff filed the present suit, seeking equitable relief.

*Access to the Courts*

In her motion for summary judgment, Defendant Henson argues that Plaintiff has failed to allege that his underlying claim was nonfrivolous and cannot show intentional conduct on the part of Defendant Henson. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v.*

*Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In order to show actual injury, the underlying cause of action must be described in the complaint, and the underlying cause of action must assert a non-frivolous claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353.

Plaintiff's complaint states that, "[o]n July 18, 2010, Prisoner Morris had a Michigan Supreme Court deadline of July 23, 2010. People v. Morris, COA#297264[.]" Compl., Doc. No. 1, p. 4 of 21. He further states that he has "suffered irrapable [sic] damage where he is now permanently barred to appeal his wrongful conviction and may possibly face the rest of his life in prison as an innocent man." Compl., Doc. No. 1, p. 6 of 21. These are the only references in Plaintiff's complaint to the underlying cause of action. By only making a conclusory statement that his underlying claim was to pursue a wrongful conviction, Plaintiff's complaint fails to allege the nature of the claims that he sought to present to the Michigan Supreme Court. The Court therefore finds that Plaintiff has failed to meet his burden of describing the underlying cause of action in his complaint in a manner sufficient to "apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416.

In *Brown v. Matauszak*, the plaintiff similarly failed to include a description of the underlying cause of action in his complaint. 2011 WL 285251, at *614-15 (6th Cir. Jan 31, 2011). The Sixth Circuit, however, was able to review the plaintiff's motion for relief from judgment, which did describe the underlying claim. *Id*. at 614. The Court, finding that the plaintiff's motion for relief from judgment presented sufficient facts to raise non-frivolous issues and noting that, "in th[o]se unique circumstances," the district court had discretion

4

to grant the plaintiff leave to amend his complaint to include those non-frivolous issues, remanded the case to allow the plaintiff to amend his complaint. *Id.* at 614, 617.

The Court finds the present case to be distinguishable from *Brown*. In this case, unlike in *Brown*, the Court has not received any evidence of the claims alleged by Plaintiff in his attempted filing with the Michigan Supreme Court, and therefore has no knowledge of any non-frivolous claims being asserted in the underlying cause of action. The Court does not have the benefit of reading the proposed documents that were to be filed with the Michigan Supreme Court. Plaintiff's response to Defendant Henson's summary judgment motion also does not clarify what his underlying claims were. The Court therefore does not find it necessary or appropriate to allow Plaintiff to amend his complaint based on *Brown*.

In *Dorn v. Lafler*, the Sixth Circuit found that a plaintiff was entitled to a presumption of prejudice when the alleged actions of defendants interfered with his timely filing of a direct appeal and led to the dismissal of that appeal. 601 F.3d 439, 444 (6th Cir. 2010), *abrogated on other grounds by Werth v. Bell*, 2012 WL 3667226 (6th Cir. Aug. 28, 2012). The Sixth Circuit based its conclusion on the following Supreme Court case language: "The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, ... demands a presumption of prejudice." *Id.*, citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). In the present case, Plaintiff's direct appeals of his conviction had already been filed and denied, and he had most recently filed a delayed application for leave to appeal an order denying a successive motion for relief from judgment with the Michigan Court of Appeals. Doc. No. 15-5, Ex. D, p. 2 of 2. That application was denied. *Id*. Presumably then, Plaintiff was attempting to file an appeal of that most recent denial with the Michigan Supreme Court. Since the procedural posture of

5

the present case is significantly different from that found in *Dorn*, which involved the filing of a direct appeal, the Court does not find a presumption of prejudice to be appropriate.

Given Plaintiff's failure to describe a non-frivolous claim in his underlying cause of action within his complaint, Defendant Henson is entitled to summary judgment on Plaintiff's First Amendment access to the courts claim. Given that dismissal of Plaintiff's claim is proper on this basis, the Court finds it unnecessary to address Defendant Henson's qualified immunity argument.

*Retaliation*

In his response to Defendant Henson's motion for summary judgment, Plaintiff states that he was attempting to assert a First Amendment retaliation claim in his complaint. Doc. No. 20, p. 5 of 9. Specifically, Plaintiff states that he was taking the protected action of trying to gain access to the courts when Defendant Henson took adverse action against him, and that he was "racially discriminated against and this is a retaliatory action." *Id.*, p. 4 of 9.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, Plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in Defendant's alleged retaliatory conduct. *See Smith v.*

6

*Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), *citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Plaintiff fails to allege the existence of a causal connection between his conduct of accessing the courts and Defendant Henson's alleged adverse action. A complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997), *citing In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Plaintiff has therefore failed to state a First Amendment retaliation claim.

*Sovereign Immunity*

Defendant Henson argues that she is entitled to summary judgment on Plaintiff's official capacity claim against her because such claims are barred by the Eleventh Amendment. Any claims against Defendant Henson in her official capacity do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, 1995 WL 564321 (6th Cir. Sept. 21, 1995). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), *overruled in part on other grounds by Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 731, 732 (1978) (state and board of corrections).[1] The State of Michigan has not consented to civil rights suits in the federal

---

[1] The Sixth Circuit has held that since an official capacity suit for retroactive relief, such as monetary damages, is deemed to be against the State, whose officers are the
(continued...)

courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6t Cir. 1986). The Eleventh Amendment therefore bars official capacity suits for damages against its employees. Plaintiff's official capacity claim against Defendant Henson is properly dismissed.

*Conclusion*

The Court hereby GRANTS Defendant Henson's motion for summary judgment [Doc. No. 14]. Plaintiff's claims are DISMISSED WITH PREJUDICE.

A judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated: 9/17/2012          /s/ R. Allan Edgar
                          R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE

---

[1](...continued)
nominal Defendants, the claim is barred by the Eleventh Amendment. *Doe v. Wigginton*, 21 F.3d 733, 736-737 (6th Cir. 1994).